# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: ) | In Proceedings Under Chapter 7 |
| ) | |
| JESSE GALE, INC., ) | Case No. 08-30556 |
| ) | |
| Debtor. ) | Adversary No.: |
| _____) | |
| ) | |
| ROBERT E. EGGMANN, TRUSTEE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| GOOGLE, INC., ) | |
| ) | |
| Defendant. ) | |

## TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

COMES NOW Robert E. Eggmann ("Plaintiff" or "Trustee"), duly appointed and qualified Trustee in Bankruptcy herein, and for his Complaint to Avoid and Recover Preferential Transfers, states as follows:

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Debtor Jesse Gale, Inc. ("Debtor") filed its Voluntary Petition in bankruptcy under Chapter 7 of Title 11 U.S.C. on March 24, 2008. Robert E. Eggmann was appointed Trustee in Bankruptcy.

2. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. Sections 1334, 151, and 157. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(O).

3. Venue is proper in this Court pursuant to Title 28 U.S.C. §1409.

4. Trustee brings this Complaint in accordance with the provisions of 11 U.S.C. §§547 and 550.

5. Defendant Google, Inc.("Defendant") is a Delaware corporation, doing business in the State of Illinois.

## COUNT I
### (Avoidance of Preferential Transfer)

COMES NOW Robert E. Eggmann duly appointed and qualified Trustee in Bankruptcy herein, and for Count I of his Complaint, states as follows:

6. Trustee incorporates herein by reference paragraphs 1-5 of this Complaint as if set out in full herein.

7. On or about January 2, 2008, Debtor transferred to Defendant the sum of $9,630.17.

8. Additionally, on or about February 2, 2008, Debtor transferred to Defendant the sum of $7,484.03 (collectively the "Transfers").

8. The Transfers by the Debtor to the Defendant were made on account of an antecedent debt owed by the Debtor to the Defendant.

9. The Debtor was insolvent when the Transfers were made.

10. The Transfers were made within ninety (90) days before the Petition Date.

11. The Transfers made by the Debtor to the Defendant enabled the Defendant to receive more than Defendant would have received if the Transfers were not made and Defendant received a distribution pursuant to Chapter 7 of the Bankruptcy Code.

12. The Transfers by Debtor to the Defendant are avoidable under 11 U.S.C. §547.

13. Although Plaintiff has made demand upon Defendant to turn said sum over, Defendant has failed and refused to do so.

WHEREFORE, Trustee respectfully prays this Court enter its Order avoiding the transfers from Debtor to the Defendant pursuant to 11 U.S.C. §547, and for such other and further relief as the Court deems just and proper.

## COUNT II
### (Recovery of Transfers)

14. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 13 herein as if more fully set forth.

15. Since Defendant is the "initial transferee" of the Transfers, Plaintiff may recover the full amount of the Transfers from Defendant for the benefit of the Estate pursuant to 11 U.S.C. §550(a).

16. Plaintiff is entitled to interest accrued at the Federal Rate of Interest from the date of demand or the date of service of this Adversary Complaint, whichever is earlier.

WHEREFORE, Plaintiff respectfully prays this Court enter its Order entering Judgment on Count II against Defendant in the amount of $17, 114.20, plus costs, interest and attorney's fees, disallowing all claims filed by Defendant or any amounts owed to Defendant, and for such other and further relief as the Court deems just and proper.

ROBERT E. EGGMANN, TRUSTEE

By: */s/ Robert E. Eggmann*
One of his Attorneys

Robert E. Eggmann, Illinois Bar # 6203021
LATHROP & GAGE LLP
7701 Forsyth Blvd., Suite 400
St. Louis, Missouri  63105
314.613.2800 (Telephone)
314.726.2801 (Fax)
reggmann@lathropgage.com (Electronic Mail)